# BakerHostetler

Baker&Hostetler LLP

Washington Square, Suite 1100
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5403

T 202.861.1500
F 202.861.1783
www.bakerlaw.com

Andrew M. Grossman
direct dial: 202.861.1697
agrossman@bakerlaw.com

June 16, 2023

**VIA CM/ECF**

The Honorable Jarrett B. Perlow
Acting Clerk of Court
U.S. Court of Appeals for the Federal Circuit
717 Madison Place, NW
Washington, DC 20439

Re:   *In re Chestek PLLC*, Appeal No. 22-1843

Dear Mr. Perlow:

Chestek PLLC submits this letter in response to the June 9, 2023 letter of the Patent and Trademark Office regarding incorrect representations in the PTO's brief. The PTO's letter explains that, contrary to its representations, domicile address information required by the PTO of all trademark applicants (and trademark owners filing maintenance documents) was publicly available through March 2023. It states that, "[a]s of April 1, 2023, domicile addresses were properly masked and all vulnerabilities have been corrected."

The suggestion that applicants' home addresses are no longer public is misleading. Their addresses were available for retrieval and download for over three years, and there is no way for the PTO to "claw back" that information. Carl Oppedahl, *USPTO breaks its promise about protecting "where you sleep at night" domicile addresses* (June 9, 2023); Carl Oppedahl, *USPTO comes clean (sort of) to the CAFC about its "where you sleep at night" blunder* (June 9, 2023).[1]

---

[1] *Available at* https://blog.oppedahl.com/?p=9605 and https://blog.oppedahl.com/?p=9608.

Atlanta   Chicago   Cincinnati   Cleveland   Columbus   Costa Mesa   Dallas   Denver   Houston
Los Angeles   New York   Orlando   Philadelphia   San Francisco   Seattle   Washington, DC   Wilmington

June 16, 2023
Page 2

Although PTO's belated attempts to address privacy concerns are irrelevant to its defense of the address requirement, *see* Chestek Br. at 31, the agency's mishandling of this information nevertheless confirms Chestek's argument. As Chestek's opening brief explains, the PTO's failure to provide notice of the requirement led the rollout of the rule to be "exactly the sort of poorly planned and ill-considered regulatory action that the APA's notice and comment requirement exists to avoid." *Id.* at 26. Moreover, the PTO failed to provide a "satisfactory explanation" of the address requirement describing how it is justified given the privacy concerns, and what alternatives to resolve or mitigate those concerns it considered. *Id.* at 33.

The PTO's brief effectively conceded that the final rule gave no consideration to privacy concerns but argued that its subsequent action "shows both that the process affords flexibility to address such concerns, and that the USPTO is responsive when issues come to light." PTO Br. at 29. The PTO's mishandling of applicants' home addresses, however, underscores the importance of considering the rule's privacy concerns *before* its promulgation and the PTO's complete failure to do just that.

Sincerely,

*/s/ Andrew M. Grossman*
Andrew M. Grossman

*Attorney for Appellant Chestek PLLC*

cc: All counsel of record via the appellate CM/ECF system.

**Certificate of Compliance**

This letter complies with the type-volume limitation set forth in Fed. R. App. P. 28(j) because the body of the letter contains 347 words.

Dated: June 16, 2023            */s/ Andrew M. Grossman*
                                                     ANDREW M. GROSSMAN

**Certificate of Service**

I hereby certify that on June 16, 2023, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing to all counsel of record.

Dated: June 16, 2023            */s/ Andrew M. Grossman*
                                                     ANDREW M. GROSSMAN